FIRST CHRISTIAN CHURCH *vs.* CLIFFORD A. BROWNELL
& others
(and four companion cases[1]).

Bristol.    October 26, 1954. — January 3, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Probate Court*, Appeal. *Supreme Judicial Court*, Jurisdiction. *Charity.
Trust*, Charitable trust. *Church.*

This court has no jurisdiction under G. L. (Ter. Ed.) c. 215, § 9, to entertain an appeal from a decree of a Probate Court by one not a "person aggrieved" by the decree. [147]

In a suit in a Probate Court by a religious society to determine the disposition of charitable trust funds held by it upon its voting to "disband," a religious corporation composed of members of different churches of the same denomination in Massachusetts, whose only interest was that it would be a proper recipient of the funds for administration cy pres, could not be "aggrieved" by a decree ordering disposition of the funds otherwise and had no standing under G. L. (Ter. Ed.) c. 215, § 9, to appeal from the decree, even though it had been named as a respondent in the petition. [147]

A religious society holding funds upon charitable trusts had no power to determine the disposition of the funds upon voting to "disband." [148]

Even if a religious corporation was qualified to bring a suit under G. L. (Ter. Ed.) c. 214, § 3 (12), inserted by St. 1939, c. 194, § 1; c. 215, § 6, as amended by St. 1939, c. 194, § 2, to determine the disposition

[1] The companion cases are First Christian Church *vs.* Clifford A. Brownell & others; First Christian Church *vs.* B. M. C. Durfee Trust Company, trustee, & others; First Christian Church *vs.* B. M. C. Durfee Trust Company, trustee, & others; First Christian Union Society of Fall River *vs.* Martha A. Feilhauer & others.

of charitable trust funds held by an inactive religious society, those statutes were not effective to give the corporation the standing of a "person aggrieved" entitled under c. 215, § 9, to appeal from a decree of a Probate Court in a proceeding brought by the society for such a determination wherein the corporation was joined as a respondent. [148]

The jurisdiction of this court to entertain an appeal from a decree of a Probate Court was open to question on the ground that the appellant was not a "person aggrieved" by the decree within G. L. (Ter. Ed.) c. 215, § 9, even though no motion to dismiss the appeal had been filed. [148]

FIVE PETITIONS in equity, filed in the Probate Court for the county of Bristol on April 13, 1953.

The cases were heard by *Considine,* J.

*James D. St. Clair,* for Massachusetts Congregational Conference and Missionary Society.

*Harrison F. Lyman, Jr.,* for Clifford A. Brownell and another.

*Barton I. Goldberg,* for Martha A. Feilhauer.

*Milton A. Westgate,* for B. M. C. Durfee Trust Company, trustee.

*Israel Brayton,* for Home for Aged People in Fall River, submitted a brief.

WILLIAMS, J. These are five suits in equity to obtain orders for the distribution or for the application cy pres of certain funds held in trust by the respective petitioners for charitable purposes. The suits, which for convenience are referred to by the letters A, B, C, D, and E, were heard in the Probate Court. The petitioner in A, B, C, and D is First Christian Church in Fall River, a religious society organized in 1829. The petitioner in E is First Christian Union Society of Fall River, an organization which held in trust a meeting house and certain funds and property for the church. In all of the suits the Attorney General and Massachusetts Congregational Conference and Missionary Society, a corporation hereinafter called the Conference, are joined as respondents. Also joined in the different suits are the heirs of persons by whom the funds in question were donated and the legal representatives and trustees of the estates of such persons. In C and D a beneficiary under

the donor's will, while not originally joined as a respondent, appeared and answered. The controversy over the disposition of the different funds arises because of a vote of the church on April 21, 1941, to "disband." At a general church meeting held on that date it was voted to close the church as of June 29, 1941, and to authorize a committee to dispose of all property of the church and to turn it over to the Conference. The Conference, whose name at the time of hearing had been changed to Massachusetts Congregational Christian Conference, is composed of the members of different Congregational and Christian churches in the Commonwealth. It has trustees who manage different funds possessed by the Conference and who from such funds grant financial relief to churches which are in need of assistance.

In all of the suits the Attorney General submitted his rights to the determination of the court. See G. L. (Ter. Ed.) c. 12, §§ 3, 8.

In suit A which concerns a fund known as the "F. C. Brownell Fund" the judge found that Fenner C. Brownell, who with his wife Avis H. Brownell were donors of the fund, did not have a general charitable intent and that the doctrine of cy pres did not apply. He decreed that the fund was held for the benefit of the respondents Clifford A. Brownell and Bertha B. Belt, the sole heirs at law of Fenner C. Brownell and Avis H. Brownell.

In suit B the judge made similar findings regarding a so called "Avis H. Brownell Fund" and decreed that it was held upon a resulting trust for the respondents Clifford A. Brownell and Bertha B. Belt who were the sole heirs at law of the donor Avis H. Brownell.

In suit C the fund was known as the "Lizzie Hudson Simmons Fund." The judge found that it was the intent of the testatrix Angenette B. S. Stone, under whose will the fund was received by the church, that if the church could not use the fund, it should go under the residuary clause of the will to Home for the Aged People of Fall River. He ruled that the doctrine of cy pres did not apply and ordered

the fund transferred to the respondent B. M. C. Durfee Trust Company, trustee under the residuary clause, to be distributed by the trustee to Home for the Aged People of Fall River.

In suit D the judge in considering a fund known as the "Kate Ashley Woodman Fund," also established under the will of said Angenette B. S. Stone, ruled that cy pres should be applied to a part of the fund but not to the remaining part. As to the part to which cy pres did not apply he ordered it paid to B. M. C. Durfee Trust Company to be distributed in the same manner as the fund in suit C. The balance of the fund was ordered paid to the same trust company to be used for charitable work in the parish of North Christian Church in Fall River.

In suit E it appeared that the petitioner First Christian Union Society of Fall River held a fund received under the will of John D. Thayer in 1946. The judge found that the testator had no general charitable intent and that cy pres did not apply. He ordered the fund paid to the respondent Martha A. Feilhauer, who was the residuary legatee under the will of the sole heir of the testator.

We do not pause to consider whether the findings and rulings which we have briefly outlined are supported by the reported evidence, because we think that these suits, all of which come to this court on appeals by the Conference, are not properly before us. In suits A and B claims of appeal from the respective final decrees were filed by the Conference in the Probate Court. On motions of the respondents Brownell and Belt they were ordered "stricken from the record" on the ground that the Conference had no standing to appeal and was not a "person aggrieved" under G. L. (Ter. Ed.) c. 215, § 9. The Conference then filed claims of appeal from the decrees allowing these motions. The same respondents later filed motions in this court to dismiss these appeals.

The Conference appealed from the respective final decrees in the other suits. No motions to dismiss these appeals have been filed either in the Probate Court or in this court.

The right to appeal from an order or decree of the Pro-

bate Court is purely statutory. It is provided by G. L. (Ter. Ed.) c. 215, § 9, that "A person aggrieved by an order, decree or denial of a probate court . . . may . . . appeal from the same to the supreme judicial court . . . ." The crucial words for the purposes of these cases are "person aggrieved." This court has no jurisdiction to consider a case except upon an appeal by a person who is aggrieved by the order, decree, or denial from which the appeal is taken. *Pattee* v. *Stetson*, 170 Mass. 93. *Ensign* v. *Faxon*, 224 Mass. 145, 151. *Weston* v. *Fuller*, 297 Mass. 545, 548, and cases cited. It is settled that to be a person aggrieved "it must appear that he has some pecuniary interest, some personal right, or some public or official duty resting upon him, affected by the decree." *Monroe* v. *Cooper*, 235 Mass. 33, 34.

We perceive no such interest, right, or duty of the Conference in respect to any of the funds here in question. If it is a corporation to which any of these funds might properly be entrusted for administration cy pres nevertheless it has no standing in these proceedings to determine their proper disposition. In *Bolster* v. *Attorney General*, 306 Mass. 387, Simmons College was permitted to intervene as a respondent to a petition by trustees for instructions regarding the administration of a trust fund cy pres. On its appeal to this court from an interlocutory decree we said at page 389, "As an institution that hoped to be the beneficiary or active agency of the application of the cy pres doctrine, Simmons College had no legally recognized private interest in the disposition of the fund. It had no interest different in kind from that of the public generally, which is represented exclusively by the Attorney General. Consequently it could not, legally speaking, be aggrieved by any disposition of the fund that may have been made, and has no right of appeal." That case is decisive of the right of the Conference to the present appeals. The fact that in the instant suits it was named as a respondent in each of the petitions is of no consequence. The statute gives the right of appeal not to a party but to a "person aggrieved." *Bolster* v. *Attorney General, supra,* page 390.

The proposed or purported transfer of the funds with the other property of the church to the Conference gave it no right to hold the funds. They could be distributed only in accordance with the terms of the original donations or with an order of the court for administration cy pres. The disposition of the fund of a charitable trust for administration cy pres is a judicial function (see *Brookline* v. *Barnes*, 327 Mass. 201) with the performance of which only the public is concerned.

In support of its contended right of appeal the Conference refers us to G. L. (Ter. Ed.) c. 214, § 3 (12), inserted by St. 1939, c. 194, § 1, which in substance provides that, where property is held in trust by a church or religious society which has become inactive, a suit to determine the purposes or uses to which the property shall be applied may be commenced in the Supreme Judicial or Superior Court[1] by the governing body of the religious denomination having jurisdiction over such church or religious society according to the usages of the denomination to which such church or religious society belongs, or by the State organization of such denomination, if there is any, otherwise the national organization thereof; and in any suit so commenced the Attorney General shall be joined as a respondent.

None of the instant suits is brought by the Conference. If the evidence is sufficient to enable it to qualify as a governing body or organization authorized by this statute to institute such a suit, which we do not intimate, we think as to the present appeals that the statute is not effective to give it the standing of a "person aggrieved."

The appeals of the Conference in the different suits must be dismissed. It is immaterial that in C, D, and E no motions to dismiss were filed in this court. Matters affecting the court's jurisdiction are open for consideration without motion.

As all the appeals must be dismissed for the reasons indicated, additional consideration of the dismissal of the ap-

---

[1] See G. L. (Ter. Ed.) c. 215, § 6, as amended by St. 1939, c. 194, § 2, as to the jurisdiction of Probate Courts.

peals by the trial judge in suits A and B is not required. It should be noted, however, that in *Harvey* v. *Waitt,* 312 Mass. 333, 336, it was held, in similar circumstances, that the trial judge lacked authority to enter decrees dismissing such appeals.

*Appeal dismissed in each suit.*