THERESA MAROTTA & another *vs.* BOARD OF APPEALS OF REVERE & others.

Suffolk.   May 7, 1957. — June 10, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Equity Pleading and Practice,* Zoning appeal, Findings by judge, Appeal, Parties.   *Equity Jurisdiction,* Zoning.   *Superior Court,* Jurisdiction. *Zoning.  Evidence,* Presumptions and burden of proof.   *Words,* "Person aggrieved."

Facts recited in a decision by a zoning board of appeals admitted in evidence in a suit in equity in the Superior Court by way of appeal therefrom under G. L. (Ter. Ed.) c. 40A, § 21, inserted by St. 1954, c. 368, § 2, by an agreement of the parties not clearly stipulating that the decision was admitted for all purposes should not have been accepted by the trial judge as facts without the introduction of any evidence before him, and as so accepted were not a proper basis for a decree determining the validity of the decision.   [201, 202]

The entry of a final decree in a suit in equity did not import a finding of all the facts essential to support it where, although there was no report of the evidence nor statutory report of material facts, the record showed that certain facts were the only facts on which the judge based the decree.   [202]

The Superior Court has no jurisdiction under G. L. (Ter. Ed.) c. 40A, § 21, inserted by St. 1954, c. 368, § 2, to entertain a suit in equity by way of appeal from a decision of a zoning board of appeals unless the plaintiff is a "person aggrieved" by the decision or is a municipal officer or board, even if the point is not raised in that court.   [202–203]

There is a presumption that an owner of property "deemed" by a zoning board of appeals "to be affected" by a petition for a variance and accordingly notified of the hearing on the petition in accordance with G. L. (Ter. Ed.) c. 40A, § 17, inserted by St. 1954, c. 368, § 2, is, within § 21, a "person aggrieved" by a decision of the board granting the variance, and the presumption gives him standing to appeal therefrom to the Superior Court in equity under § 21 in the absence of direct evidence on that issue.   [204]

BILL IN EQUITY, filed in the Superior Court on September 19, 1956.

The suit was heard by *Beaudreau,* J.

*Walter Powers, Jr.,* (*Antonio Abbene, Jr.,* with him,) for the plaintiffs.

*Salvatore E. Aloisi,* for the defendants.

WHITTEMORE, J. This is a bill in equity by way of appeal under G. L. (Ter. Ed.) c. 40A, § 21 (inserted by St. 1954, c. 368, § 2),[1] (incorrectly stated in the bill as under c. 40, § 30) from a decision of the board of appeals of the city of Revere granting a variance to Joseph A. DiNanno and Rocco DiNanno, who were joined as defendants by amendment, to permit them to build and operate dog kennels on property situated in an area zoned for residence. Dog kennels had been maintained on the subject property for many years, apparently under a misconception, by some or all concerned, as to the owner's right to do so. See as to kennels in residence districts *Meadows* v. *Town Clerk of Saugus,* 333 Mass. 760. The plaintiffs have appealed from the final decree of the Superior Court in which the judge ruled that the decision of the board of appeals did not exceed its authority.

The judge found, in precise accordance with an allegation of the bill which was admitted in the answer of the board of appeals but not in the answer of the DiNannos, that the plaintiffs "are owners of the respective property at which they reside, and are property owners determined by the board of appeals of Revere to be within the neighborhood affected by the petition . . . [for the variance]." The document entitled "Findings and Order for Decree" also states that the plaintiffs "have offered no evidence to sustain the allegations in their bill, but the parties agreed that the decision of the board of appeals . . . may be offered in evidence and marked exhibit A. In accordance therewith,

---

[1] "Any person aggrieved by a decision of a board of appeals, whether or not previously a party to the proceeding, or any municipal officer or board, may appeal to the superior court sitting in equity for the county in which the land concerned is situated; provided, that such appeal is filed in said court within fifteen days after such decision is recorded. The court shall hear all pertinent evidence and determine the facts, and, upon the facts as so determined, annul such decision if found to exceed the authority of such board, or make such other decree as justice and equity may require. The foregoing remedy shall be exclusive, but the parties shall have all rights of appeal and exception as in other equity cases."

Marotta *v.* Board of Appeals of Revere.

I find . . .." There follow findings which are in substance findings made by the board of appeals. Following these findings the judge stated, "From a view of the locus and surrounding areas: [Paragraph] I therefore adopt the decision of the board of appeals as stipulated in their decision of August 31, 1956, and I further find that the variance as adopted will permit said premises to be used for a purpose similar in character to the use of said premises as they were at the time the zoning by-laws became effective[1] and no different in character from any use provided under any special exception of the zoning by-laws, and that such use will not be detrimental to the neighborhood or to the public good, nor will it nullify and substantially derogate from the intent and purpose of said by-law."

1. It is quite possible that the parties intended to stipulate that the facts found by the board of appeals should be deemed the facts for purposes of the appeal. The decision of the board of appeals has no evidentiary weight, *Devine* v. *Zoning Board of Appeals of Lynn*, 332 Mass. 319, 321, *Lawrence* v. *Board of Appeals of Lynn, ante,* 87, 92, but is nevertheless properly admitted to show the conclusion which the board reached. *Bicknell Realty Co.* v. *Board of Appeal of Boston*, 330 Mass. 676, 679. No stipulation being needed to qualify the decision as evidence for this limited purpose, the fact of any agreement about it suggests an intention to qualify it for wider use. An agreement to this effect in open court would of course be valid, *Dalton* v. *Post Publishing Co.* 328 Mass. 595, 599, but it must appear with reasonable certainty that it was made. That does not appear here. Since the decision of the board is admissible in evidence for a limited purpose, and is necessary evidence to permit the judge to perform his function on appeal, there is no basis for the contention of the defendants that, being in evidence, the decision can be used for every purpose including one which our cases have said it does not serve.

---

[1] There is no evidence on this point and the defendants do not contend that there is a nonconforming use.

The defendants contend that as the findings of fact are voluntary and are not in a report made under the statute (G. L. [Ter. Ed.] c. 214, § 23), and as the evidence is not reported, the entry of the final decree "imported a finding of every fact essential to sustain it and within the scope of the pleadings." *Druzik* v. *Board of Health of Haverhill,* 324 Mass. 129, 136. This principle is of no application to the facts in respect of the right to a variance for the trial judge had made it clear that the only facts in this respect on which he based the decree are those which are stated in the board's decision and in substance restated by him. *Goldston* v. *Randolph,* 293 Mass. 253, 255. *Uccello* v. *Gold'n Foods, Inc.* 325 Mass. 319, 320. *Katz* v. *Katz,* 330 Mass. 635, 638. We construe what the judge said in respect of the view taken by him to state that the observation which the view afforded confirmed to him the correctness of the facts set forth in the decision of the board. We do not understand the judge to state that the view gave him knowledge of new facts which, not being expressed by the judge, could, for all that appears, support the decree.

In the absence of an express stipulation to establish the facts found by the board as evidence in the Superior Court we cannot rule that there was, on the appeal, that determination of facts, independent of any findings of the board, which is required under the rule. *Bicknell Realty Co.* v. *Board of Appeal of Boston,* 330 Mass. 676, 679. *Lawrence* v. *Board of Appeals of Lynn, ante,* 87, 89. For this reason the decree may not stand and we need not determine whether the omissions in the concluding findings (see G. L. [Ter. Ed.] c. 40A, § 15) could be overcome by our examination of underlying facts properly found.

2. The defendants contend that the appeal to the Superior Court must fail because it does not appear that the plaintiffs are "persons aggrieved" who alone (other than a municipal officer or board) may avail themselves of the special statutory right of appeal to the Superior Court.

The Superior Court had no jurisdiction to consider the case unless an appeal (if not by a municipal officer or board)

was taken by an aggrieved person. *Pattee* v. *Stetson*, 170 Mass. 93, 94. *Weston* v. *Fuller*, 297 Mass. 545, 548. *First Christian Church* v. *Brownell*, 332 Mass. 143, 147. *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston*, 324 Mass. 427. See *Carr* v. *Board of Appeals of Medford*, 334 Mass. 77. It is immaterial that the point was not raised in the answers or before the Superior Court. *Ensign* v. *Faxon*, 224 Mass. 145, 151–152. *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489, 495. *First Christian Church* v. *Brownell*, 332 Mass. 143, 148. See *Carey* v. *Planning Board of Revere*, 335 Mass. 740, 744–745.[1]

We assume that there is some basis for the finding made by the judge, in the words of the bill, of the status and interest of the plaintiffs. The statement that the plaintiffs offered no evidence to sustain the allegations of the bill is in the paragraph which follows this finding and conceivably was intended to be limited to the allegations in respect of a variance. This finding that the plaintiffs own property and are property owners who have been deemed by the board to be within the area affected is not stated as based on the pleadings, as it could not have been, but for all that appears it was based on agreement.

We need not determine whether the principle stated in *Druzik* v. *Board of Health of Haverhill*, 324 Mass. 129, 136, discussed above, could be applied to imply facts beyond those alleged and found, for we think a fact which the judge has found is sufficient to meet the jurisdictional point.

It does not necessarily follow from the only relevant fact found by the court, that is, that the plaintiffs are the owners of property "determined by the board of appeals of Revere to be within the neighborhood affected by the petition," that the plaintiffs are aggrieved persons. The status of the property or of the plaintiffs may be such that the plaintiffs are not aggrieved even though the property is very near. *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston*,

---

[1] In that case it was uncertain whether the jurisdictional point of no notice to the city clerk had been raised below. The fact was not found and could not be implied in the circumstances, but as the decree did not foreclose it against the plaintiff, the reversal of the decree gave an opportunity to find it.

324 Mass. 427. Or the periphery of the area deemed by the board to be affected may have been unreasonably wide so as to include property not materially affected. But we think, nevertheless, that it is reasonable to hold that there is a presumption that property owners to whom the board in the performance of its statutory obligation has sent notice as persons "deemed by the board to be affected thereby"[1] have an interest and are persons aggrieved. "It ordinarily must be presumed that such determination of landowners likely to be affected will be made in good faith and exclude none fairly within the scope of the statute." *Godfrey* v. *Building Commissioner of Boston*, 263 Mass. 589, 591. The possibility of the *inclusion* of some not within the statutory scope is doubtless somewhat greater, but the determination nevertheless has some significance. The words "person aggrieved" in such statutes as c. 40A, § 21, are not to be narrowly construed. *Ibid.* page 591. *Ayer* v. *Commissioners on Height of Buildings in Boston*, 242 Mass. 30, 33. *Standard Oil Co. of New York* v. *Commissioner of Public Safety*, 274 Mass. 155, 158. The board of appeals which has made the determination for the purposes of the proceedings before it is the important and necessary defendant in case of an appeal. It is a rule of reason which, in the absence of direct evidence on the issue, will hold the board to the implications of its own determination and carry the appealing parties over the jurisdictional threshold. If the issue is contested, and any additional evidence is offered, the point of jurisdiction will be determined on all the evidence with no benefit to the plaintiffs from the presumption as such. *Krantz* v. *John Hancock Mutual Life Ins. Co.* 335 Mass. 703, 711–713.

---

[1] G. L. (Ter. Ed.) c. 40A, § 17. "The board of appeals shall fix a reasonable time for the hearing of any appeal or other matter referred to it or any petition for a variance, and give public notice thereof in an official publication, or a newspaper of general circulation, in the city or town, and also send notice by mail, postage prepaid, to the petitioner and to the owners of all property deemed by the board to be affected thereby, as they appear on the most recent local tax list, and to the planning board of such city or town. At the hearing any party whether entitled to notice thereof or not may appear in person or by agent or by attorney."

On this record we are unable to rule that the Superior Court was without jurisdiction to determine the appeal. If the case is heard again, as under the disposition which we are ordering it may be, it will be open to the parties to present direct evidence on the issue, as is manifestly desirable in every such case, so that the point can be determined 'on directly relevant facts.

*Decree reversed.*