GEORGE CHONGRIS & another *vs.* BOARD OF APPEALS OF ANDOVER & others. February 15, 1984. *Zoning,* Appeal, Parties. *Practice, Civil,* Zoning appeal, Summary judgment. *Rules of Civil Procedure. Words,* "Person aggrieved."

Dissatisfied with the building inspector's issuance of a permit to George Chongris to build a Dunkin Donuts Shop in the town of Andover, the Friends of Shawsheen Village Association (Friends) appealed from the building inspector's decision to the board of appeals pursuant to G. L. c. 40A, § 8, inserted by St. 1975, c. 808, § 3, and the zoning by-law of Andover. The board of appeals determined that the plans for the proposed building did not provide adequate parking under the town's zoning by-law and ordered revocation of the permit. Chongris, the landowner, appealed under G. L. c. 40A, § 17, and, by motion for summary judgment, Mass.R.Civ.P. 56, 365 Mass. 824 (1974), attacked the standing of Friends to challenge his permit. The judge concluded Friends was not a "person aggrieved" within the meaning of G. L. c. 40A, § 8, or the zoning by-law and that, accordingly, the board was without jurisdiction to entertain Friends' appeal. Judgment entered annulling the board's decision and "declaring" that the landowner's permit was in full force and effect. We affirm.

Friends, according to its by-laws, is a voluntary association whose objective is to "promote the preservation, restoration, and advancement, of Shawsheen Village." In challenging the building permit at issue it demonstrated nothing more than a "general civic interest in the enforcement of the zoning [regulation]." *Waltham Motor Inn, Inc.* v. *LaCava,* 3 Mass. App. Ct. 210, 218 (1975). *Owens* v. *Board of Appeals of Belmont,* 11 Mass. App. Ct. 994 (1981). It is settled that a statement of organizational purpose cannot clothe a civic association with aggrieved person status. *Amherst Growth Study Comm.* v. *Board of Appeals of*

*Amherst,* 1 Mass. App. Ct. 826, 827 (1973). Cf. *Save the Bay, Inc.* v. *Department of Pub. Util.,* 366 Mass. 667, 672-675 (1975). At no point in the proceedings has Friends asserted that any of its legal rights have been infringed. See *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427, 430 (1949).

Typically, challenges to a party's aggrieved person status arise when a party seeks judicial review of a decision of a board of appeals under G. L. c. 40A, § 17. See, e.g., *Marotta* v. *Board of Appeals of Revere,* 336 Mass. 199 (1957), brought under a predecessor, but essentially similar, statute, in which the court observed that the Superior Court had no jurisdiction to consider the case unless the appeal was taken by an aggrieved person. *Id.* at 202-203. In the instant action the challenge is under G. L. c. 40A, § 8, which provides that the first avenue of relief from an order or decision of a building inspector is to the board of appeal and that the route may be taken only by a person aggrieved. See *Neuhaus* v. *Building Inspector of Marlborough,* 11 Mass. App. Ct. 230, 232-233 (1981). Aggrieved person status is no less a jurisdictional condition to maintaining an appeal to a board of appeal under G. L. c. 40A, § 8, than it is to maintaining judicial review under § 17. See *Turner* v. *Board of Appeals of Milton,* 305 Mass. 189, 192-193 (1940), also decided under a predecessor statute. As the court in the case crisply said of the party seeking relief before the board of appeal, "[He] had no right to file it and the board had no authority to hear it." *Id.* at 193.

Friends gained no ground by acting through its president, James Sellers, a resident of Andover. The record fails to disclose that Sellers ever alleged that he, as an individual property owner, was harmed by the building inspector's issuance of the permit. He was neither an abutter, nor an abutter to an abutter, of the lot for which the permit was issued. *Rafferty* v. *Sancta Maria Hosp.,* 5 Mass. App. Ct. 624, 629-630 (1977). Compare *Save the Bay, Inc.* v. *Department of Pub. Util.,* 366 Mass. at 675. Sellers could not establish that he had an interest in maintaining the district as it was zoned, since the proposed Dunkin Donuts was a use allowed within the general business zone in which the locus was situated. See *Rafferty, supra.* Neither Friends nor Sellers offered anything in the record which might have entitled them to presumptive status as an aggrieved person (a presumption, in any event, rebuttable). See *Marotta* v. *Board of Appeals of Revere,* 336 Mass. at 204; *Waltham Motor Inn, Inc.* v. *LaCava,* 3 Mass. App. Ct. at 217; *Redstone* v. *Board of Appeals of Chelmsford,* 11 Mass. App. Ct. 383 (1981).

Friends also contends that the trial judge erred in allowing Chongris's motion for summary judgment to be scheduled for a hearing within seven days, rather than ten days, of when the motions were served. Mass.R. Civ.P. 56(c), 365 Mass. 824 (1974). "Every violation of a procedural rule, however, need not — and should not — require the perpetrator to be undone." *USTrust* v. *Kennedy, ante* 131, 135 (1983). Chongris's lawyer

alerted Friends of his intention to list the motions as early as one month before the scheduled hearing date. Eighteen days prior to the hearing, Chongris's lawyer notified Friends' lawyer, by letter, of the exact date on which he would move for summary judgment. Moreover, Chongris's complaint left no doubt that Friends' standing to appeal the permit to the board of appeals was at issue. In the circumstances, the failure in technical compliance worked no prejudice against Friends and the judge acted well within his discretion. See *White* v. *Peabody Constr. Co.*, 386 Mass. 121, 127 (1982). We need not reach Friends' other claims of error.

*Judgment affirmed.*

*Domenic S. Terranova* for Friends of Shawsheen Village Association & another.

*Alfred L. Daniels,* Town Counsel, for Board of Appeals of Andover.

*Arthur H. Goldsmith* for the plaintiffs.