Welsh, J.
This appeal[3] seeks judicial review and annulment of a decision of the Old King’s Highway Regional Historic District approving a Certificate of Appropriateness sought by James Dillon and his spouse for the construction of an addition to their residence at 18 School Street in Sandwich.[4]
This case arises by virtue of St. 1973, c. 470 as amended, The Old King’s Highway Regional Historic District Act. That statute requires a person seeking to construct or alter a structure within the district obtain a Certificate of Appropriateness from the appropriate town committee. Any “person aggrieved” by the town committee’s decision on the application has the right to appeal to the regional commission which hears the matter de novo and decides on the basis of facts it finds whether the town committee exceeded its authority or exercised poor judgment or was arbitrary, capricious or erroneous in its action. The commission may either annul the town committee’s decision and remand the matter for further action or revise the committee’s determination and issue or deny the Certificate of Appropriateness. The statute provides for judicial review in the district court having jurisdiction over the town in which the building or property is situated upon the appeal of “any person aggrieved.” The nature and scope of review is akin to that of a court conducting a judicial review of a decision by a Board of Appeals in the zoning context. G.L.C. 40A, §17.
The Dillons’ request for a Certificate of Appropriateness was heard by the town committee which denied the request. Upon appeal to the regional committee, a decision was entered annulling the local committee’s decision and granting the sought *331 after Certificate. From this decision, the plaintiffs, who are residents and property owners of the Town of Sandwich and some of whom are members of the town committee who participated in the committee’s decision, filed seeking judicial review agreeable to Section 11 of the Act (as amended through St. 1975, c. 845).
1. The question of whether the plaintiffs are “person (s) aggrieved” within the meaning of the Act so as to have standing to prosecute this appeal is decisive of this appeal. None of the plaintiffs is an abutter. The nearest plaintiff resides four houses distant and the remotest plaintiff resides approximately five miles from the location. None of the plaintiffs has shown any special harm that would occur to him if the Certificate of Appropriateness awarded by the regional commission is allowed to stand. The plaintiffs seem to rely upon the membership of some of them on the town committee that heard and denied the application. Nowhere in the Act is there any language from which might be inferred a right by the members of the town committee, acting as such, to appeal a decision of the Regional Historic District Commission.[5]
The burden of demonstrating that the plaintiffs are “aggrieved” is no mere procedural nicety: It goes to the very heart of the court’s authority to hear and determine the cause. See Marotta v. Board of Appeals of Revere, 336 Mass. 199, 204 (1957); Barvenik v. Board of Aldermen of Newton, 33 Mass. App. Ct. 129 (1992); Save the Bay, Inc. v. Department of Public Utilities, 366 Mass. 667, 672 (1975). It was not the intention of the legislation creating the Commission to create a private right on the part of citizens of a community to enforce the provisions of the Act See Waltham Motor Inn, Inc. v. LaCava, 3 Mass. App. Ct. 210, 214 (1975). Proximity to the property alone will not always suffice to confer “standing.” Marotta v. Board of Appeals of Revere, supra, at 203. Once evidence is offered challenging the presumption of aggrievment, the presumption vanishes and the issue of jurisdiction must be revisited without the benefit of any presumption. Waltham Motor Inn, Inc. v. LaCava, supra, at 217. General civic interest in the enforcement of historic zoning is not sufficient to confer standing. Amherst Growth Study Comm., Inc. v. Board of Appeals of Amherst, 1 Mass. App. Ct. 826 (1973). “Subjective and unspecified fears about the possible impairment of aesthetics or neighborhood appearance, incompatible architectural styles, the diminishment of close neighborhood feeling, or the loss of open or natural space are all considered insufficient bases for aggrievement under Massachusetts law.” Barvenik, supra, at 132-133.
The fact that the plaintiffs participated in the administrative process does not, in se, confer standing to challenge the actions of the regional commission. See Ginther v. Commissioner of Insurance, 427 Mass. 319, 324 (1998). One zealous in the enforcement of the laws but without a judicially recognized private interest is not a “person aggrieved.” Godfrey v. Building Comm’r of Boston, 263 Mass. 589, 590 (1928). As observed, there is no statutory warrant either in the Old King’s Highway Regional Historic District Act or in any other statute that would enable town committee members acting as such to qualify as plaintiffs in this proceeding.
The case of Harvard Square Defense Fund, Inc. v. Planning Board of Cambridge, 27 Mass. App. Ct. 491 (1989) contains an apt and germane discussion of the sort of standing necessary to obtain a judicial review in cases of this sort;"... the plaintiffs’ concern about diminished open space, incompatible architectural styles, the belittling of historical buildings, and the diminished enjoyment of the “village feeling’... express matters of general public concern which were appropriately addressed by the administrative proceedings held in this case. Those matters, essentially involving the expression of aesthetic views and speculative opinions, do not establish a plausible claim of a definite *332 violation of a private right, property interest or legal interest sufficient to bring any of the plaintiffs within the zone of standing.” Id. at 493.
2. Appellants urge that a more indulgent and more inclusive construction be given to the term “person [s] aggrieved.” They cite G.Lc. 40C, the Historic Districts Act (added to General Laws by St 1960, c. 372), as cogent authority for the more liberal interpretation of the requirements for standing. The short answer to this contention is that G.L.c. 40C has no application to proceedings for judicial review under the Old King’s Highway Regional Historic District Act. G.Lc. 40C mandates acceptance of its provisions by a city or -town before it becomes effective for the particular municipality. There is no evidence in the record to show that the Town of Sandwich accepted its provisions. Nor do counsel intimate any such acceptance in their briefs or arguments on this appeal. The initial version of G.L.c. 40C did not contain a specific definition of “person aggrieved.” Such a definition was added by St. 1983, c. 429, §1. “Aggrieved person” was defined to mean the applicant, an owner of adjoining property, an owner of property within the same historic district or property within one hundred feet of said property lines and any charitable corporation in which one of its purposes is the preservation of historic structures or districts: In our view, this liberal definition of “aggrieved persons” is inapposite to cases arising under the Old King’s Highway Regional Historic District Act. G.L.c. 40C, §16 provides that a city or town in which there exists a historic district under a special law may by 2/3 vote and upon the recommendation of the historic district commission having jurisdiction over such district accept the provision of G.Lc. 40C. There is no evidence in the record, nor does counsel intimate, that any such acceptance was effected in Sandwich or in the district generally.
We perceive no reason to depart from the requirements of standing in this case. This historic district is a large one. To suggest that any inhabitant or property owner in so large a district may invoke the judicial review provisions of the Act without making a plausible claim of a definite violation of a private right would be inconsistent with the purposes of the Act by enlarging the class of potential plaintiffs who might attack the decision of the commission solely on aesthetic or other subjective grounds. To put the commission and the applicants to the expense of litigation when assailed from so large a quarter would not be consistent with the fair balance between the reasonable expectation of property owners to the use of their land and the preservation of antiquity espoused by the Act.
The motion'judge correctly ordered the dismissal of the complaint. We affirm the judgment.
So ordered.

 The plaintiffs are residents and property owners in Sandwich. None is an abut-ter of the Dillons’ property.

 The Dillons sought and were granted leave to intervene agreeably to Mass. R. Civ. R, Rule 24(b).

 Although not argued at length in the briefs, it may be observed that absent clear language permitting otherwise, it would be inappropriate to permit committee members acting as such, to appeal rulings of the regional committee. As town officers, they lack authority to bring suit or employ counsel without specific authorization from the town. See O’Reilly v. Scituate, 328 Mass. 154, 155 (1951).