RUBIN, J., concurring.
This case involves an important question that has vexed the judges of the trial court, who have reached different conclusions about it. I join the court's opinion, but add a few words since the statute says the assessors' certified list of "the names and addresses of parties in interest" shall be "conclusive for all purposes," and, at least at first blush, it may look like we are holding it is not conclusive for at least one purpose, the rebuttable presumption of standing given by our courts to those defined by the statute as "parties in interest." See G. L. c. 40A, § 11.
The question of standing involves a construction of who is a "person aggrieved" under G. L. c. 40A, § 17. While some "parties in interest" may also be "person[s] aggrieved," and vice versa, the concepts are different. See, e.g., Denneny v. Zoning Bd. of Appeals of Seekonk, 59 Mass. App. Ct. 208, 212-213, 794 N.E.2d 1269 (2003) (plaintiff was an abutter to an abutter within three hundred feet of the petitioner's property line, and thus a "party in interest," but was not a "person aggrieved" by the board's decision).
The prior version of what is now G. L. c. 40A, § 11, provided that,
"The board of appeals shall fix a reasonable time for the hearing of any appeal or other matter referred to it or any petition for a variance, and give public *966 notice thereof in an official publication, or a newspaper of general circulation, in the city or town, and also send notice by mail, postage prepaid, to the petitioner and to the owners of all property deemed by the board to be affected thereby, as they appear on the most recent local tax list, and to the planning board of such city or town." G. L. c. 40A, § 17, as appearing in St. 1954, c. 368, § 2.[1]
*240 In Marotta v. Board of Appeals of Revere, 336 Mass. 199, 143 N.E.2d 270 (1957), the Supreme Judicial Court held "that there is a presumption that property owners to whom the board in the performance of its statutory obligation has sent notice as persons 'deemed by the board to be affected thereby' have an interest and are persons aggrieved. 'It ordinarily must be presumed that such determination of landowners likely to be affected will be made in good faith and exclude none fairly within the scope of the statute.' Godfrey v. Building Commissioner of Boston, 263 Mass. 589, 591 [161 N.E. 819 (1928) ]." Id. at 204, 143 N.E.2d 270 (footnote omitted). Of the rebuttable presumption of standing it articulated, the court also said that "it is a rule of reason which, in the absence of direct evidence on the issue, will hold the board to the implications of its own determination and carry the appealing parties over the jurisdictional threshold." Ibid.
Apparently concerned about the discretion given the zoning boards of appeals to determine under this section who would receive notice, the Legislature in 1975 amended it. Rather than leaving the determination of who should get notice to the judgment of the ZBAs, it created the previously unknown legal category, "parties in interest:" As originally enacted, the statute said " '[p]arties in interest' as used in this chapter shall mean the petitioner, abutters, owners of land directly opposite on any public or private street or way and owners of land within three hundred feet of the property line all as they appear on the most recent applicable tax list, notwithstanding that the land of any such owner is located in another city or town, the planning board of the city or town, and, the planning board of every abutting [city or town]." G. L. c. 40A, § 11, as appearing in St. 1975, c. 808, § 3. Under this definition, Murrow would have been a party in interest. The statute was further amended, however, in 1979 to partially narrow "parties in interest," so that instead of including all "owners within three hundred feet of the property line" it now includes only "abutters of the abutters within three hundred feet of the property line of the petitioner." St. 1979, c. 117. Parties in interest, as defined by the statute, are entitled to notice. See G. L. c. 40A, §§ 9, 9A, 10, 11, 15, 16.
The 1975 amendment also added the language at issue in this case, providing, "[t]he assessors maintaining any applicable tax list shall certify to the permit granting authority or special permit *241 granting authority the names and addresses of parties in interest and such certification shall be conclusive for all purposes." While ultimately we need not decide the issue in this case, I note that it is not clear with respect to what "such certification" is supposed to be conclusive. Perhaps it is conclusive with respect to "the names and addresses" of parties in interest, and if a person within the statutory definition is missing from the list, he or she can nonetheless be notified. *967 Perhaps it is supposed to be conclusive only for all purposes of the authority to which the certification is made. Or perhaps, as Ms. Murrow argues, it is supposed to be conclusive as to what owners meet the statutory definition, providing a conclusive list identifying the names and addresses of "parties in interest."
Even assuming the latter is the case, however, ultimately we are not concerned here with who are deemed "parties in interest." We are concerned with who is entitled to the rebuttable presumption of standing. The statute does not say that "parties in interest" are to be given a presumption that they are "persons aggrieved." If it did, perhaps the certified list would control for that purpose, though, again, we need not resolve that question.
The presumption of standing articulated in Marotta was a judicial creation, and, in the absence of legislation, its scope must be judicially determined. It actually originated both out of deference to the statutorily mandated determinations of the zoning appeals boards and as a means of holding those boards to their determinations as to which property owners were "affected" by their decisions: if a board determined that a property owner would be affected by its decision, as evidenced by its notifying the property owner, that property owner's appeal would be "carr[ied] ... over the jurisdictional threshold" unless there was "direct evidence on the issue." Marotta, 336 Mass. at 204, 143 N.E.2d 270.
Marotta itself of course does not address the significance of being a "party in interest"-a concept the Legislature did not adopt until almost twenty years after that decision-and so the use of that designation to create a presumption of standing cannot have been one of the "purposes" contemplated by the Legislature in 1975. Rather, appellate cases decided after the 1975 amendments to the statute have given a judge-made rebuttable presumption of standing to this newly-defined category. They have done so by citation to Marotta, and without any explicit analysis of why the rebuttable presumption, originally given to those deemed by the board to be affected, should be given to statutorily described *242 "parties in interest." See, e.g., Watros v. Greater Lynn Mental Health & Retardation Assn., Inc., 421 Mass. 106, 111, 653 N.E.2d 589 (1995) ; Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 721, 660 N.E.2d 369 (1996) ; 81 Spooner Road, LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 700, 964 N.E.2d 318 (2012) ; Valcourt v. Zoning Bd. of Appeals of Swansea, 48 Mass. App. Ct. 124, 127-128, 718 N.E.2d 389 (1999) ; Choate v. Zoning Bd. of Appeals of Mashpee, 67 Mass. App. Ct. 376, 381, 853 N.E.2d 1089 (2006).
In my view, however, the reason our courts provide this rebuttable presumption is clear: it is not because the parties have been given notice, which is what the legislature has required be provided to "parties in interest," or because they have been deemed "parties in interest," whether by a tax assessor, a zoning board of appeals, or anyone else. It is because they meet the definition of "parties in interest" set out by the Legislature. I believe our cases and those of the Supreme Judicial Court are best understood to reflect a conclusion that, if the Legislature believes those individuals and entities are entitled to notice, they are also entitled to a rebuttable presumption of standing. Cf. Standerwick v. Zoning Bd. of Appeals of Andover, 447 Mass. 20, 33, 849 N.E.2d 197 (2006) (presumption of standing exists because "those entitled to notice of the proceedings are presumed to have the requisite interest").
I would not expand the category of those who are entitled to the presumption of standing to include those outside the *968 definition who happen to be on a tax assessors' certified list, nor would I contract it to exclude any of those within the definition who are left off such a list. Whether someone within the definition has been left off the certified list, or, as here, someone not within the definition has been added, or, indeed, whether or not the certified name or address is wrong, I believe those actually within the definition are the ones entitled to the judicially-created rebuttable presumption of standing and, consequently, that a court must independently determine whether a party meets the definition. Consequently, even if the tax assessors' certified list amounts to a conclusive determination of who are the "parties in interest" that must receive notice, that list is ultimately irrelevant to the determination the court must make of which parties are entitled under the case law to the rebuttable presumption they are "persons aggrieved." Ms. Murrow is not entitled to that presumption; someone in her circumstance might nonetheless be a "person aggrieved," but the burden was on her to demonstrate that fact, and, since she failed to do so, the judgment must be affirmed.

When the Zoning Act underwent its last major recodification in 1975, the sections were renumbered. See St. 1975, c. 808, § 3. The current section 11 corresponds to section 17 from the 1954 codification, and the current section 17 corresponds to the prior section 21.