KEEP vs. NEYLAND, MISC 21-000341

































 
 JONATHAN KEEP, Plaintiff, v. ERIK NEYLAND, DANIELLE SPICER, PETER DRISCOLL, and JAMES BARR, as Members of the Bolton Planning Board, BRIAN BOYLE, and MATTHEW SAVOIE, Defendants
 MISC 21-000341 
 AUGUST 30, 2021
WORCESTER, ss.
SMITH, J.
DECISION














 This matter arises out of the decision of the Bolton Planning Board (the "Board") to issue a special permit to Defendants, Brian Boyle and Matthew Savoie, which will allow them to construct an accessory apartment within an existing barn on their property at 59 Sampson Road, Bolton (the "Project"). Plaintiff, Jonathan Keep ("Keep"), a former member of the Board, filed this appeal of the decision which he says was improperly issued by the Board. Keep owns and resides at 752 Main Street, Bolton. He is not an abutter to the Project. 





 Before the court is a motion to dismiss the complaint filed by Defendants, Brian Boyle and Matthew Savoie, and joined by the members of the Board, in which they assert that Keep lacks standing to maintain this appeal. For the reasons set forth in this decision, the motion to dismiss is ALLOWED.





Discussion 





 A party's standing to assert a claim has been treated by Massachusetts courts as an issue of subject matter jurisdiction. Doe v. The Governor, 381 Mass. 702 , 705 (1980). Whether raised in a motion to dismiss under Rule 12(b)(1) or in a motion for summary judgment under Rule 56, the court may consider documents and other materials outside the four corners of the complaint when determining whether the court has subject matter jurisdiction to hear the case. Ginther v. Comm'r of Insurance, 427 Mass. 319 , 322, n. 6 (1998). 





 The right to appeal the decision of a local zoning board's grant of a special permit is governed by G.L. c. 40A, §17. Under §17, only a "person aggrieved" by a zoning decision is entitled to judicial review. Kenner v. Zoning Bd. of Appeals of Chatham, 459 Mass. 115 , 117 (2011); Marshalian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719 , 721 (1996). [Note 1] Courts have interpreted the term "person aggrieved" as one who can assert "a plausible claim of a definite violation of a private right, a private property interest, or a private legal interest that is separate and distinct from the concerns of the general community." Harvard Square Defense Fund, Inc. v. Planning Bd. of Cambridge, 27 Mass. App. Ct. 491 , 493 (1989). Aggrievement sufficient to confer standing cannot be based purely on a matter of general public interest or concern. Id. at 492-493. Indeed, one's general civic interest in the proper enforcement of a zoning bylaw is not enough to support a finding that the party challenging a zoning decision 

has standing. Id.; see also Godfrey v. Bldg. Comm'r of Boston, 263 Mass. 589 , 590, 593 (1928); Chongris v. Bd. of Appeals of Andover, 17 Mass. App. Ct. 999 , 999 (1984); Waltham Motor Inn, Inc. v. LaCava, 3 Mass. App. Ct. 210 , 218 (1975). 





 In this case, Keep is not an abutter to the Project and, therefore, he is not presumed to be a "person aggrieved" under G.L. c.40A, §17. Rather, to withstand the Defendants' challenge to his standing, he must establish that he will suffer harm to a private right or interest as a result of the Board's decision that is special and different from the concerns of the rest of the community. 





 Keep did not file a written opposition to the Defendants' motion. Instead, he opposed the motion at the hearing and argued that his "grievances" arose out of the Board's improper interpretation of the special permit bylaw under which it approved the project. That special permit bylaw is referred to as the "Barn, Stable and Carriage House Preservation Bylaw," §250- 27.1 of the Town of Bolton Bylaws (the "Barn Bylaw"). The stated purpose of the Barn Bylaw is to "preserve detached barns, stables and carriage houses built before 1925 and provide flexibility for accessory apartment types." The Barn Bylaw goes on to provide specific criteria that the Board must consider when deciding whether to issue a special permit. Keep, a former member of the Board, was the primary drafter of the Barn Bylaw. 





 At the hearing, Keep asserted that defendants, Brian Boyle and Matthew Savoie, received special treatment from the Board, that the project did not meet the basic requirements of the Barn Bylaw, that the project required a variance and not a special permit, and that the Board's issuance of the special permit was "an example of government not working or not working well" or words to that effect. He argued that the residents of Bolton are entitled to fair treatment, not special treatment, and that he was pursuing his appeal of the Board's decision for the common good. At no time, however, did Keep articulate how the Board's decision would cause harm to any of his private rights or interests that would be separate and distinct from the concerns of the general community of Bolton. 





 Based on his oral argument, Keep's concerns can be fairly summarized as a general civic interest in the proper and zealous enforcement of the Bolton zoning bylaws. While, perhaps, laudable, this general civic interest does not confer standing on Keep to continue with this appeal. Harvard Square Defense Fund, Inc. v. Planning Bd. of Cambridge, 27 Mass. App. Ct. 491 (1989); Chongris v. Bd. of Appeals of Andover, 17 Mass. App. Ct. 999 (1984); Waltham Motor Inn, Inc. v. LaCava, 3 Mass. App. Ct. 210 , 218 (1975). 





Conclusion 





 For the foregoing reasons, I find that Keep has not established that the Project approved in the Board's decision will harm him and, therefore, he does not have standing to maintain this action. The Defendants' motion to dismiss is ALLOWED, and judgment shall issue in favor of the Defendants, Brian Boyle and Matthew Savoie, and in favor of the Defendants, Erik Neyland, Danielle Spicer, Peter Driscoll, and James Barr, as Members of the Town of Bolton Planning Board. The Plaintiffs' Complaint shall be dismissed with prejudice. 





FOOTNOTES
[Note 1] One who owns land which abuts property that is the subject of a request for zoning relief enjoys a rebuttable presumption of "person aggrieved" status. G.L. c. 40A, §17; Standerwick v. Zoning Bd. of Appeals of Andover, 447 Mass. 20 , 33 (2006); Denneny v. Zoning Bd. of Appeals of Seekonk, 59 Mass. App. Ct. 208 , 212 (2003). 


 
 Home/Search 
 Land Cases by Docket Number
 Land Cases by Date 
 Land Cases by Name
 


 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.