WALPOLE COUNTRY CLUB & another[1] *vs.* BOARD OF HEALTH OF SHARON & another.[2] No. 07-P-1499. October 2, 2008. *Municipal Corporations,* Board of health. *Health, Board of. Sewage Disposal. Practice, Civil,* Action in nature of certiorari, Standing.

The board of health of Sharon (board) granted a disposal works construction permit pursuant to Title 5 of the State Environmental Code[3] to Old Post, LLC (Old Post), for the installation of a septic system to serve a proposed sixty-six unit condominium project (project). The plaintiffs, Walpole Country Club (WCC) and John Lee, are immediate abutters to the project and filed a certiorari complaint pursuant to G. L. c. 249, § 4, seeking judicial review in Superior Court of the board's decision.

The project site contains approximately 18.1 acres, of which 12.6 acres are wetlands, and Old Post proposes two 17,652 square foot multi-unit buildings, parking areas, and a looped driveway. The proposed wastewater treatment plan consists of two septic systems, each of which would include a septic tank, pipe chamber, valve chamber, primary soil absorption area (leaching field), and reserve soil absorption area. Particularly relevant to this appeal is that the primary and reserve soil absorption areas for both systems would be located under impervious surfaces: the project's main driveway and parking areas. The judge affirmed the board's decision. On appeal, the plaintiffs claim that the board and the judge misapplied the regulation, arguing that

"[t]he Site contains 5.5 acres of upland. The lack of available pervious surface area for the septic systems is not a result of the Site's wetlands or other physical characteristics relied on by the court below. Rather, it is the consequence of Old Post's decision to maximize the build-out of that upland acreage with buildings, driveways and parking areas. As shown on the Septic Plans . . . , the septic systems can be installed under pervious surface as required by Title 5 if the Project is modified or reduced to leave enough space."[4]

*Discussion.*[5] An action in the nature of certiorari is intended to correct errors of law in administrative proceedings when judicial appeal is otherwise unavailable. See *Yerardi's Moody St. Restaurant & Lounge, Inc.* v. *Selectmen*

---

[1] John Lee.

[2] Old Post, LLC.

[3] Title 5 of the State Environmental Code, 310 Code Mass. Regs. §§ 15.000 (2006), governs on-site septic systems, including their construction, maintenance, inspection, and siting.

[4] Pertinent to the plaintiffs' specific claim to this court is 310 Code Mass. Regs. § 15.240(7) (2006), which provides:

"No driveway, parking or turning area or other impervious area shall be located above a soil absorption system, except where restrictions on the use of the land make it unavoidable. In such cases, the soil absorption system shall be vented to the atmosphere in accordance with 310 [Code Mass. Regs. §] 15.241."

[5] The plaintiffs filed a motion to supplement the record appendix with an affidavit (by civil engineer Richard Wescott) that was not a part of the administrative record, but had been submitted in Superior Court in support of the plaintiffs' motion for judgment on the pleadings. We allow the motion to supplement, but consider the affidavit for the limited purpose of addressing standing and not the substantive issues. Standing in this

*of Randolph,* 19 Mass. App. Ct. 296, 300 (1985). Certiorari may be available to persons, including abutters, who can establish "injury to a protected legal interest." *Friedman* v. *Conservation Commn. of Edgartown,* 62 Mass. App. Ct. 539, 543 (2004). The fundamental purpose of certiorari review is "to correct substantial errors of law apparent on the record adversely affecting material rights." *Higby/Fulton Vineyard, LLC* v. *Board of Health of Tisbury,* 70 Mass. App. Ct. 848, 852 (2007), quoting from *Police Commr. of Boston* v. *Robinson,* 47 Mass. App. Ct. 767, 770 (1999).

Here, WCC claims that the septic system is within feet of the buffer zone for bordering wetlands on the project site and is "hydrologically connected" to the streams that WCC uses for irrigation. However, WCC puts forth no evidence of a "hydrological connection" or what the implications of such a connection might be. WCC also claims that the siting of the system under an impervious surface will inhibit maintenance since the system will be more difficult to reach. There is scant evidence in the record, however, indicating that septic systems located under pavement are less likely to be maintained adequately. A consultant suggests this may be true, but offers no proof from past experience or evidence. Over-all, there is no nonspeculative showing that poor, delayed, or shoddy maintenance threatens any of WCC's protected legal rights. Moreover, there is similarly no showing that the impervious cover would result in any substantial impediment to system maintenance.

Lee claims that a well on his property is within 150 feet of Old Post's proposed soil absorption area, raising the *possibility* of contamination *should* the system raise the groundwater level of the surrounding land. He wrote a letter to the board in which he stated that he and his neighbors are concerned about *"possible* contamination of our drinking water" (emphasis added). Later, the board echoed this concern about the *"potential* adverse impact on such wells" and the *"threat* of contamination" (emphasis added). While Lee's well is the only well within 150 feet of the proposed soil absorption area and thus concerns about drinking water contamination are particularized to him, no evidence in the record denotes what types of toxins might be found in this water or what effect those toxins might have on potability or health.

On the whole, while the plaintiffs' status as abutters demonstrates interests that are specific to them and establish their standing to seek review, neither plaintiff makes a sufficient showing that the siting of the septic system threatens any of their protected legal interests or material rights. See *Friedman* v. *Conservation Commn. of Edgartown,* 62 Mass. App. Ct. at 543; *Higby/Fulton Vineyard, LLC* v. *Board of Health of Tisbury,* 70 Mass. App. Ct. at 851. See also *Butler* v. *Waltham,* 63 Mass. App. Ct. 435, 440-442 (2005). For these reasons, the assertions of harm are insufficient to warrant relief on certiorari review, and the judge correctly dismissed the plaintiffs' complaint.

*Judgment affirmed.*

*Arthur P. Kreiger* for the plaintiffs.

*J. Gavin Cockfield* for Old Post, LLC.

*Jon W. Rockwood,* for board of health of Sharon, was present but did not argue.

context is a jurisdictional question open for consideration at all stages of a proceeding. See *Locator Servs. Group, Ltd.* v. *Treasurer & Receiver Gen.,* 443 Mass. 837, 846 n.12 (2005) ("standing is a jurisdictional issue that cannot be waived"). We conclude that the plaintiffs have demonstrated the requisite standing to seek certiorari review.