CHRIS J. WARRINGTON & another[1] *vs.* ZONING BOARD OF APPEALS OF RUTLAND & another.[2] No. 09-P-769. November 30, 2010. *Practice, Civil,* Summary judgment, Standing. *Jurisdiction,* Zoning. *Zoning,* Building inspector, Person aggrieved, Jurisdiction. *Waiver. Words,* "Person aggrieved."

Chris and Marcia Warrington appeal from a judgment of the Superior Court dismissing their appeal from an order of the zoning board of appeals of Rutland (board) requiring them to cease and desist operation of a dance studio in a barn on their property in a Rutland residence district. The essence of their appeal is that defendant Clealand B. Blair, Sr., the individual who sought the enforcement action, lacked standing to appeal to the board from the building inspector's refusal to issue a cease and desist order. Blair and the board allege that the board's order was proper because the plaintiffs failed to challenge Blair's standing during the administrative proceedings.

The essential facts are not in dispute. The plaintiffs applied for and received a permit to build a barn on their property. During construction, they received a letter from the building inspector stating that a special permit would be required for operation of a dance studio in the barn after it was completed. Nevertheless, once they had an occupancy permit, they began to operate a dance studio in the barn without seeking the permit.

The plaintiffs operated the dance studio without objection or complaint from September, 1995, through October, 2004. On October 12, 2004, however, Blair sent a letter to the building inspector pursuant to G. L. c. 40A, § 7,

---

[1]Marcia R. Warrington.

[2]Clealand B. Blair, Sr.

requesting that he order the plaintiffs to cease all the commercial activities they were conducting in the barn. The building inspector responded by stating that he was not going to issue the requested order but that he agreed with Blair's position and that Blair could take an appeal to the board if he chose to do so.

Blair was neither an abutter nor an abutter to an abutter within 300 feet of the premises. See G. L. c. 40A, § 11. He was, however, a town resident, owned both commercial and residential property in the town, held a mortgage on property abutting the plaintiffs' property, and believed that "[i]nconsistent enforcement of zoning adversely affects the development and sale of [his] residential real estate and adversely affects the rental [value] of [his] commercial real estate." Accordingly, he appealed to the board, which, after two days of hearings, issued the cease and desist order he sought. At no point during the board hearings did the plaintiffs challenge Blair's standing to appeal from the building inspector's denial of his enforcement request.

The plaintiffs then appealed to the Superior Court, claiming that the board's enforcement order was invalid because Blair had no standing to appeal from the building inspector's refusal to issue the order. The plaintiffs moved for summary judgment, which was opposed by the defendants on the ground that the plaintiffs had failed to challenge Blair's standing during the administrative proceedings. A judge of the Superior Court denied the plaintiffs' motion and granted summary judgment to the defendants. In their appeal to this court, the plaintiffs allege that the judge's decision was erroneous.[3] We agree.

We review a grant of summary judgment de novo. *Miller* v. *Cotter*, 448 Mass. 671, 676 (2007). General Laws c. 40A distinguishes between the class of persons entitled to seek zoning enforcement from the building inspector and the class of persons who, if dissatisfied with the building inspector's response to their enforcement request, may appeal to the board. As the Supreme Judicial Court stated in *Green* v. *Board of Appeals of Provincetown*, 404 Mass. 571, 573 (1989),

> "[General Laws] c. 40A appears to recognize the distinction between a right of a nonaggrieved person to seek enforcement (see [G. L. c. 40A,] § 7) and the greater right of an aggrieved person to start an administrative proceeding seeking to compel enforcement (see [G. L. c. 40A,] § 8). Under § 7, a person in writing may request a building inspector to enforce the zoning by-law and is entitled to a written response. The person need not be aggrieved. To go beyond that stage, if the request for enforcement is rejected, a party must be aggrieved."

Status as a "party aggrieved," in other words, is the status that confers standing to prosecute an appeal. The same standing requirement appears in G. L. c. 40A, § 17, which governs appeals from a zoning board to the court. A well-developed body of law holds that "[s]tanding is an issue of subject matter jurisdiction." *Planning Bd. of Marshfield* v. *Zoning Bd. of Appeals of Pembroke*, 427 Mass. 699, 703 (1998). Accord, e.g., *Marotta* v. *Board of Appeals of Revere*, 336 Mass. 199, 202-203 (1957); *Barvenik* v. *Aldermen of Newton*, 33 Mass. App. Ct. 129, 131 (1992); *Denneny* v. *Zoning Bd. of Appeals*

---

[3]The plaintiffs also argued that the statute of limitations on enforcement contained in G. L. c. 40A, § 7, had run before Blair made his enforcement request. We see no error in the judge's rejection of that claim.

*of Seekonk*, 59 Mass. App. Ct. 208, 211 (2003). Lack of standing, therefore, cannot be waived and may be raised at any stage of the proceedings. *Barvenik, supra* at 131 n.6. Accord *Locator Servs. Group, Ltd.* v. *Treasurer & Receiver Gen.*, 443 Mass. 837, 846 n.12 (2005); *Walpole Country Club* v. *Board of Health of Sharon*, 72 Mass. App. Ct. 913, 913-914 n.5 (2008).

"Person aggrieved" means the same thing in G. L. c. 40A, § 8, as it does in § 17, and, as a consequence, a number of cases have held that the "party aggrieved" limitation for appeals pursuant to § 8 is a jurisdictional foundation for appeals § 8 permits. See *Chongris* v. *Board of Appeals of Andover*, 17 Mass. App. Ct. 999, 1000 (1984); *Butts* v. *Zoning Bd. of Appeals of Falmouth*, 18 Mass. App. Ct. 249, 253 (1984); *Jaffe* v. *Zoning Bd. of Appeals of Newton*, 34 Mass. App. Ct. 929, 930 (1993). We think that the standing requirements of § 8 are no less fundamental to sound operation of the statutory scheme than are the standing requirements of § 17, see *Green* v. *Board of Appeals of Provincetown*, 26 Mass. App. Ct. 469, 482 (1988) (Kass, J., dissenting), and that, as a consequence, "[a]ggrieved person status is no less a jurisdictional condition to maintaining an appeal to a board of appeal under G. L. c. 40A, § 8, than it is to maintaining judicial review under § 17." *Chongris, supra.* Accordingly, we conclude that the standing requirements of § 8, like the standing requirements of § 17, are not waived by failure to raise them before the board.[4]

The judgment in favor of the defendants, therefore, was in error to the extent that it rested on the plaintiffs' purported waiver of Blair's alleged lack of standing. The case must be remanded for examination of the standing issue on the merits. See *Butler* v. *Waltham*, 63 Mass. App. Ct. 435, 440-441 (2005). In that regard, "while the term 'person aggrieved' should not be construed narrowly . . . a [party] must be able to demonstrate, not merely speculate, that there has been some infringement of his legal rights. . . . The claimed injury or loss must be personal to the [party], not merely reflective of the concerns of the community." *Denneny* v. *Zoning Bd. of Appeals of Seekonk, supra* at 211.

The judgment is vacated and the case is remanded to the Superior Court for further proceedings not inconsistent with this opinion.[5]

*So ordered.*

---

[4]The "waiver" analysis in *Hogan* v. *Hayes*, 19 Mass. App. Ct. 399, 402 (1985) (building inspector's failure to issue a decision), and *Worcester County Christian Communications, Inc.* v. *Board of Appeals of Spencer*, 22 Mass. App. Ct. 83, 84-86 (1986) (same), cases on which the defendants rely, is not controlling here. Those cases involved official inaction, which, if elevated to true jurisdictional status would give an administrative official final and unreviewable power to deny applications or enforcement requests, a result surely and fundamentally inconsistent with the statutory scheme.

[5]At oral argument, the defendants suggested that the issues in this case partially had been rendered moot by the plaintiffs' subsequent successful pursuit of a special permit allowing them to operate a dance studio and a bed and breakfast. In papers filed after the oral argument, the plaintiffs argued that no aspect of the case was moot. The plaintiffs also filed a copy of a Land Court opinion and judgment dismissing on standing grounds an appeal by Brice Estates, Inc. (an affiliate of Blair), from the issuance of a special permit to the plaintiffs for a dance studio and noting that Brice Estates, Inc., had withdrawn its appeal from a special permit allowing the plaintiffs to operate a bed and breakfast. Nevertheless, the plaintiffs' claim that no aspect of this case is moot prompted the defendants to withdraw their suggestion of mootness. On remand, the judge is free to explore the mootness issue and, to the extent that a live controversy remains, all other appropriate issues, standing included.

*Marcia R. Warrington,* pro se.
*George P. Kiritsy* for Cleanland B. Blair, Sr.
*Paul M. Cranston* for zoning board of appeals of Rutland.