NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

17-P-1292                                        Appeals Court

BRIAN S. HICKEY & another[1]  vs.  CONSERVATION COMMISSION OF
DENNIS & others.[2]


No. 17-P-1292.

Barnstable.     May 3, 2018. - July 27, 2018.

Present:  Milkey, Hanlon, & Singh, JJ.


Practice, Civil, Action in nature of certiorari,
     Standing.  Municipal Corporations, Conservation
     commission.  Wetlands Protection Act.  Way, Wetlands
     Protection Act.




     Civil action commenced in the Superior Court Department on
April 21, 2016.

     The case was heard by Gary A. Nickerson, J., on a motion
for judgment on the pleadings.


     Margaret P. Stolfa for the plaintiffs.
     Justin Perrotta for Pathways Association, Inc.


     MILKEY, J.  On March 3, 2016, the conservation commission

of Dennis (commission) issued an approval pursuant to the local

---

[1] Mary P. Hickey.

[2] Town of Dennis and Pathways Association, Inc.

wetlands by-law (by-law) for a walkway and stairs (walkway) proposed by Pathways Association, Inc. (Pathways).  The walkway is designed to allow certain inland owners to use their easements to access Cape Cod Bay.  Brian and Mary Hickey (the Hickeys), who own property that abuts the site of the proposed walkway, brought an action in the nature of certiorari challenging the commission's approval.  See G. L. c. 249, § 4. On the Hickeys' motion for judgment on the pleadings, a Superior Court judge ruled that they lacked standing to maintain this action, and judgment entered affirming the commission's decision.  We affirm.

Background.  This case involves a twenty-foot wide access way (Hickey Way) that runs from Shore Drive to Cape Cod Bay in Dennis.  Hickey Way was the subject of earlier litigation. See Hickey v. Pathways Assn., Inc., 472 Mass. 735 (2015) (Hickey I).  Together with the couple that owned the property on the other side of Hickey Way, the Hickeys brought a Land Court action seeking to establish that each couple owned to the center line of the way, and that various owners of nearby inland lots had no rights to use it.  Id. at 738.  The Hickeys named Pathways -- the incorporated association representing the inland owners in their quest to use Hickey Way -- as the lead defendant in that action.  The Supreme Judicial Court eventually ruled in favor of Pathways and the inland owners.  Id. at 738-739.  The

court specifically held that the underlying fee interest in Hickey Way was not held by the Hickeys and their coplaintiffs, but instead had been retained by the original developers of the tract that included all of the respective properties (thereafter devolving to the original developers' heirs). Id. at 743. The court also held that the inland owners hold easements in Hickey Way allowing them to use it for access. Ibid.

The area through which Hickey Way runs includes a steep, armored coastal bank that lies parallel to the water. Because of this topography, the inland owners cannot make use of their access rights in Hickey Way unless some version of the walkway is built there.[3] On the heels of its victory in Hickey I, Pathways sought to build such a structure over Hickey Way, and it filed a permit application -- known as a notice of intent -- to do so. On their own, and through their counsel and wetlands consultant, the Hickeys submitted comments in opposition to the proposal. In particular, the Hickeys opposed the width of the proposed walkway and the fact that the proposal included landings (measuring eight by ten feet each), on which people could congregate or store items. The Hickeys were concerned that people congregating in the landing areas would disrupt

---

[3] The Hickeys and other shoreland owners have similar structures on their own properties, and there used to be a similar structure on Hickey Way (before it was taken down after it apparently had fallen into disrepair).

their enjoyment of their nearby home.  They were also concerned that people who used the walkway to reach the intertidal beach area at the bottom of the stairs inevitably would stray onto their portion of the beach and use it for general beach purposes.[4]

The commission unanimously approved the project by issuing an order of conditions pursuant to both G. L. c. 131, § 40 (the Wetlands Protection Act), and the by-law.  The Hickeys filed the current certiorari action challenging the approval issued under the by-law, and they simultaneously filed an administrative appeal with the Department of Environmental Protection (DEP) pursuant to the Wetlands Protection Act.  In the latter appeal, the DEP issued a superseding order of conditions that approved a somewhat smaller version of the walkway.  Unsatisfied with this partial victory, the Hickeys filed a further administrative appeal at the DEP.  However, before that appeal was heard, the DEP stayed the matter until resolution of the Hickeys' certiorari action (then pending in the Superior Court, now before us).[5]  After the commission assembled the record that had

---

[4] The ownership of the tidal flats in front of the Hickeys' home and the scope of the inland owners' rights to use that area are addressed in a separate appeal decided today.  See Loiselle v. Hickey, 93 Mass. App. Ct.        (2018).

[5] If the superseding order of conditions issued by the DEP stands, Pathways will not be able to build the specific project that it originally had proposed.  Prior to oral argument, we

been before it, the Hickeys filed a motion for judgment on the pleadings, to which Pathways filed an opposition. Without addressing the underlying merits, the judge ruled that the Hickeys lacked standing to maintain this action.

Discussion. To demonstrate standing to bring a certiorari action to challenge the wetlands approval issued by the commission, the Hickeys must "make[] a requisite showing of a reasonable likelihood that [they have] suffered injury to a protected legal right." Higby/Fulton Vineyard, LLC v. Board of Health of Tisbury, 70 Mass. App. Ct. 848, 850 (2007). Unlike in the zoning context, the Hickeys do not enjoy presumptive standing based on their status as abutters. Ibid.

When their standing was challenged, the Hickeys did not submit affidavits seeking to establish how they would be adversely affected by the proposed walkway.[6] Instead, they relied on the comments that they, their attorney, and their

---

issued an order directing the parties to be prepared to address whether the issuance of the superseding order of conditions rendered the current appeal moot. The Hickeys acknowledged that the DEP still could approve the walkway project as originally proposed once the stay of the further administrative appeal is dissolved. Both parties agree that the appeal before us is not moot.

[6] The Hickeys did submit with their motion for judgment on the pleadings an affidavit from their wetlands consultant (a copy of which we obtained on our own initiative from the Superior Court). However, that affidavit did not purport to establish how they would be harmed by the proposed walkway.

wetlands consultant had submitted to the commission as part of the administrative process. As the judge accurately pointed out, "the heart of the [Hickeys'] opposition to the proposed [walkway] is their fear that it will increase recreational activity within the private way, potentially spilling over onto the [Hickeys'] private property, which the [Hickeys] find offensive or injurious." These concerns do not fall within the wetlands-related interests protected by the by-law, and therefore cannot form the basis of standing to challenge a decision made under it. See Enos v. Secretary of Envtl. Affairs, 432 Mass. 132, 135 (2000), quoting from Massachusetts Assn. of Indep. Ins. Agents & Brokers, Inc. v. Commissioner of Ins., 373 Mass. 290, 293 (1977) (to establish standing to challenge governmental action, alleged injury must fall "within the area of concern of the statute or regulatory scheme").

To the extent that the Hickeys' comments addressed wetlands issues at all, they essentially argued that Pathways had not met its burden of proof with regard to such issues, rather than trying to demonstrate affirmatively what specific harms the walkway would cause. We agree with the judge that the Hickeys' factual assertions about such harm were raised "in a conclusory fashion, and [were unsupported by] expert evidence, technical analysis, or particular facts in the record that establish [the

purported risks]."[7]  On this record, we conclude that the Hickeys have not "put forward evidence to show actual, substantial injury" to the interests protected by the by-law, and their claims are of a "speculative nature" insufficient to support standing.  Higby/Fulton Vineyard, LLC, 70 Mass. App. Ct. at 851-852.

The Hickeys additionally argue that they have automatic standing based on the uncontested fact they too hold an access easement in Hickey Way.[8]  Specifically, the Hickeys argue that because Pathways's "standing" to seek approval to build the walkway rests on its representing those who own an access easement in Hickey Way,[9] it necessarily must follow that their

---

[7] The Hickeys assert that the project will have negative visual consequences for them, and that protection of aesthetic interests falls within the scope of the by-law.  Assuming arguendo that aesthetic interests could supply standing to challenge approvals issued under the by-law, the Hickeys have not demonstrated such harms beyond "unsubstantiated claims and personal opinions."  Kenner v. Zoning Bd. of Appeals of Chatham, 459 Mass. 115, 121 (2011) (upholding finding that plaintiffs had not demonstrated standing based on impaired visual interests even though relevant zoning by-law protected aesthetic interests and plaintiffs, as abutters, enjoyed presumptive standing).

[8] In Hickey I, the court observed that the original deed out to the Hickeys' predecessor in title "explicitly conveyed" an easement in Hickey Way.  472 Mass. at 753.

[9] Pathways made some efforts to demonstrate that a particular individual who may be a coowner of the fee interest in Hickey Way (as an heir to the original developers who had retained that interest) had granted the inland owners permission to build the proposed walkway.  However, the identity of the heirs to the original developers has never been adjudicated, and

own interest in the way provides them standing to challenge the commission's approval of Pathways's proposal.  Any superficial appeal of such an "equivalency" argument vanishes under scrutiny.

As the incorporated association representing inland owners who hold easements allowing them to use Hickey Way for access, Pathways is a proper party to seek approval to build a walkway in order that such access rights can be used.  See Hickey I, 472 Mass. at 741 (observing that Land Court judgment that in pertinent part was being affirmed "explicitly permitted [the inland owners] whom [the judge] concluded had access rights over [Hickey Way] to repair or rebuild the [walkway structure that had been there] and to make use of [Hickey Way]").  The Hickeys' own access easement in Hickey Way may provide them a basis for arguing -- in a proper forum -- that the inland owners' use of Hickey Way will overburden or otherwise interfere with their own right to use Hickey Way.  See id. at 753 (recognizing that Hickeys, "as easement holders, have an interest in preventing use of the way by those without rights of access").[10]  It does

_____

for purposes of this appeal, we assume that Pathways's claim to being a proper party to propose the walkway does not depend on its having acquired permission from the owner of the underlying fee in Hickey Way.

[10] In fact, in separate Land Court litigation that is currently stayed, the Hickeys are seeking to limit the inland

not, however, provide the Hickeys a basis for arguing that the commission's approval of the project pursuant to the by-law will cause them harm of the type that the by-law was intended to protect.  Cf. Picard v. Zoning Bd. of Appeals of Westminster, 474 Mass. 570, 574-575 (2016) (plaintiff who held easement in site of proposed development lacked standing to bring zoning challenge).

In sum, we agree with the judge that the Hickeys failed to demonstrate their standing to bring this action in the nature of certiorari, and we therefore affirm the judgment.

So ordered.

---

owners' use of Hickey Way.  Hickey vs. Pathways Association, Inc., Land Court No. 16 MISC 000123.