NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1484

CYNTHIA BEARD & others[1]

vs.

EARTH REMOVAL COMMITTEE OF CARVER & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, residents of the town of Carver seeking judicial review of an earth removal permit granted by the town's earth removal committee (ERC) for a neighboring parcel of land (property), appeal from a Superior Court judgment dismissing their second amended complaint for lack of subject matter jurisdiction. On appeal, the plaintiffs claim that the judge improperly dismissed their complaint on the bases of a lack of standing and, alternatively, mootness. We affirm.

---

[1] Joshua Beard, Madeline Joyce, Helen Littig, Jacqueline Littig, Kevin Littig, Angela Moore, Chad Moore, Dorothy Pollitt, Thomas Pollitt, Deborah Rooney, James Rooney, and Lisa Simmons.

[2] SLT Construction Corporation and the Marob Trust. The last defendant is identified in the second amended complaint as "Marob Trust c/o Mary McGrath."

1.  Standing.  "We treat standing as an issue of subject matter jurisdiction."  Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998).  "Courts . . . have both the power and the obligation to resolve problems of subject matter jurisdiction whenever they become apparent, regardless whether the issue is raised by the parties" (citation omitted).  HSBC Bank USA, N.A. v. Matt, 464 Mass. 193, 199 (2013).

For an abutting[3] landowner to establish standing in an action in the nature of certiorari, G. L. c. 249, § 4, the plaintiff must "make[] a requisite showing of a reasonable likelihood that it has suffered injury to a protected legal right."  Higby/Fulton Vineyard, LLC v. Board of Health of Tisbury, 70 Mass. App. Ct. 848, 850 (2007).  With respect to the magnitude of injury suffered, "[i]t is the general rule that resort cannot be had to certiorari unless the action of the tribunal of which a review is sought has resulted in substantial injury or manifest injustice to the petitioner" (citation omitted).  Friedman v. Conservation Comm'n of Edgartown, 62 Mass. App. Ct. 539, 545 (2004).

To demonstrate a reasonable likelihood of substantial injury or manifest injustice, "the plaintiff must put forth credible evidence to substantiate his allegations."  Perisho v.

---

[3] Here, the plaintiffs' homes do not directly abut the property; the properties are separated by several hundred feet.

2

Board of Health of Stow, 103 Mass. App. Ct. 593, 597-598 (2023), quoting Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 721 (1996).  Claims of harm that "are of a 'speculative nature' [are] insufficient to support standing." Hickey v. Conservation Comm'n of Dennis, 93 Mass. App. Ct. 655, 658 (2018), quoting Higby/Fulton Vineyard, LLC, 70 Mass. App. Ct. at 852.  The use of terms such as "'potential,' 'likelihood . . . over time,' and 'possibility'" weighs in favor of finding the alleged harm to be speculative.  Higby/Fulton Vineyard, LLC, supra at 851.  Additionally, "claims of injury [that] are raised 'in a conclusory fashion, and [are unsupported by] expert evidence, technical analysis, or particular facts in the record that establish [the purported risks]" are insufficient to confer standing.  Perisho, supra at 598, quoting Hickey, supra.

Here, the plaintiffs filed their second amended complaint under the certiorari statute, G. L. c. 249, § 4, and the declaratory judgment statute, G. L. c. 231A, § 1.  As "G. L. c. 231A does not provide an independent statutory basis for standing," Enos v. Secretary of Envtl. Affairs, 432 Mass. 132, 135 (2000), the plaintiffs are subject to the standing requirements under G. L. c. 249, § 4.

The plaintiffs first argue that the judge erred in finding a lack of standing because "[s]tanding, for jurisdictional

3

purposes, is tested at the time an action commences," Styller v. Zoning Bd. of Appeals of Lynnfield, 487 Mass. 588, 592 (2021), and the plaintiffs detailed sufficient earth removal-related injuries at the time the lawsuit was filed. However, the plaintiffs incorrectly derive from this principle the conclusion that the alleged injuries stemming from earth removal activities, see note 5, infra, which had not yet been mooted[4] at the commencement of the lawsuit, are sufficient to confer standing to seek their requested remand. This position neglects the requirement that "a plaintiff must demonstrate standing separately for each form of relief sought" (citation omitted). Brantley v. Hampden Div. of the Probate & Family Court Dep't, 457 Mass. 172, 181 (2010). In order to confer standing, "the complained of injury must be a direct consequence of the complained of action." Ginther, 427 Mass. at 323. Therefore, the plaintiffs' alleged injuries stemming directly from earth removal activities do not, standing alone, confer standing to seek a remand to the ERC to review the allegedly defective restoration plan.

---

[4] As we discuss, infra, the completion of earth removal activities on the property mooted the plaintiffs' demand for relief in connection with such activities. However, the plaintiffs also claim to be aggrieved by the absence of an adequate restoration plan. Accordingly, the plaintiffs now seek relief in the form of a remand to the ERC to review a "complete or adequate" restoration plan and "rigorously evaluate it."

4

The plaintiffs claim that they are harmed in two ways by the ERC's issuance of the earth removal permit without an adequate site plan and restoration plan: (1) the resulting failure to restore the property in a manner that ameliorates existing harms from earth removal activities; and (2) the resulting failure to account for new harms related to changes in the property's land characteristics. With respect to the first bucket, the plaintiffs claim that "dust, dirt, and the like . . . may persist given the changes to the worksite's topography if restoration is not correctly performed"; "transient wildlife may continue [in the absence of an adequate restoration plan]"; and "noise may also remain an ongoing problem . . . unless appropriate restoration work is completed." (Emphases added.) With respect to the second bucket, the plaintiffs claim that they may be subject to "potential post-removal injuries" from changes in the property's elevations, surface water flows, and groundwater elevations, flows, and recharge (emphasis added).

Both sets of allegations are facially speculative, as they are qualified with terms such as "may" and "potential," and the record is lacking in supportive "expert evidence, technical analysis, or particular facts." Perisho, 103 Mass. App. Ct. at 598, quoting Hickey, 93 Mass. App. Ct. at 658. See Higby/Fulton Vineyard, LLC, 70 Mass. App. Ct. at 851. Therefore, the

5

plaintiffs failed to demonstrate a reasonable likelihood of substantial injury or manifest injustice directly resulting from the inadequacy of the site plan and restoration plan, as is required to establish standing under G. L. c. 249, § 4, to seek the requested remand.  See Higby/Fulton Vineyard, LLC, supra at 850-851; Friedman, 62 Mass. App. Ct. at 545.  See also Ginther, 427 Mass. at 323.

2.  Mootness.  "It is the general rule that courts decide only actual controversies and that normally we do not decide moot cases" (quotations and citation omitted).  Harmon v. Commissioner of Correction, 487 Mass. 470, 475 (2021).  "[L]itigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome" (citation omitted).  Lynn v. Murrell, 489 Mass. 579, 582 (2022).  "A party no longer has a personal stake in a case 'where a court can order no further effective relief'" (quotation omitted).  Id., quoting Branch v. Commonwealth Employment Relations Bd., 481 Mass. 810, 817 (2019), cert. denied, 140 S. Ct. 858 (2020).

Here, even if the plaintiffs had standing to seek relief under G. L. c. 249, § 4, for their earth removal-related claims at the time the lawsuit was filed, which we do not decide, the judge properly dismissed such claims for mootness.  Earth removal activities on the property are complete; only restoration work remains.  Accordingly, there is "no further

6

effective relief" that we can order to redress the subset of alleged injuries[5] resulting from earth removal activities, the plaintiffs no longer have a "personal stake" in such claims, and such claims are moot (citations omitted).[6]  Lynn, 489 Mass. at 582.  Indeed, the plaintiffs do not argue against the mootness of such claims; rather, the plaintiffs' argument against the mootness of the action is that they will suffer harms from an inadequate restoration of the property.[7]  The judge properly

---

[5] A representative sampling includes:  noise from trucks servicing the earth removal operations and from earth removal equipment; ground vibration from earth removal operations; and the deposit of dirt and trash from the worksite on the plaintiffs' properties.

[6] The request of SLT Construction Corporation and Marob Trust for an award of appellate attorney's fees is denied, as the plaintiffs' appeal is not frivolous.  See Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019).

[7] As we discussed, supra, the plaintiffs lack standing to seek relief in the form of a remand to the ERC to review the restoration plan; therefore, we need not evaluate the mootness of the plaintiffs' claims vis-à-vis restoration activities on the property.

dismissed the second amended complaint for lack of subject matter jurisdiction.

Judgment affirmed.

By the Court (Meade,
Hershfang & Toone, JJ.[8]),

Clerk

Entered:  October 10, 2024.

---

[8] The panelists are listed in order of seniority.