NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-515

JOSEPH SIEBER & others[1]

vs.

CONSERVATION COMMISSION OF EDGARTOWN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs (trustees) are the owners of land abutting the property at 31 Edgartown Bay Road in Edgartown (property). They appeal from the dismissal of their challenge, through an action in the nature of certiorari in the Land Court, to an order of conditions issued by the Edgartown Conservation Commission (commission) relative to the property.  See G. L.

---

[1] Jodi Landau; Brian Carty, Susan Rapoport, and James Rapoport as trustees of the Brian T. Carty Family Trust (as successor in interest to the Brian T. Carty Qualified Personal Resident Trust, dated February 25, 2010); and Mary Carty, Susan Rapoport, and James Rapoport as trustees of the Mary V. Carty Family Trust (as successor in interest to the Mary V. Carty Qualified Personal Residence Trust, dated February 25, 2010).

c. 249, § 4.  The judge designated to hear the case[2] dismissed the trustees' action for lack of standing.  See Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974).  We affirm the judgment of dismissal, although on different grounds.  See Adoption of Franklin, 99 Mass. App. Ct. 787, 802 (2021).  Assuming without deciding that the trustees have standing, we conclude that their complaint fails to state a cause of action on which relief might reasonably be granted.  See rule 12 (b) (6).

1.  Background.  We summarize the factual allegations in the trustees' complaint, accepting them as true, and also draw from the administrative record that was incorporated by reference in that complaint.  See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008); Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 n.4 (2004).

In April 2022, the owners of the property (the Karps) filed a notice of intent to build a home on it.[3]  In May and June 2022, the commission held three public hearings on the Karps' project; several of the trustees appeared at one or more of these

---

[2] At the parties' request, and for reasons we need not detail here, the Chief Justice of the Trial Court transferred the original Land Court action to the Superior Court, designated a judge of the Superior Court to sit as a justice of the Land Court, and assigned the case to that judge.

[3] The proposal also included the construction of a garage, a barn, a pool, and a pickleball court, as well as "landscaping [and] related site activities."

hearings.  As relevant to this appeal, those trustees raised

concerns that the project violated the Edgartown wetlands

protection bylaw (bylaw) because it interfered with "natural and

historic views and vistas."[4]  One of the trustees, Joseph Sieber,

also proposed that the commission qualify any order of

conditions for the project by, as relevant here, limiting the

height and placement of certain shrubs and trees on the

property, and requiring certain areas of the property to be

maintained as "heathland and grassland."

The commission decided to "focus[] solely on the risk of

harm to views of the shoreline from the open water," and to

protect "the historic and public view/vista from the water."

Prompted by the commission's conservation agent, the commission

declined a trustee's suggestion that the commission seek legal

advice about whether the view from the land to the water should

also be protected under the bylaw.

---

[4] The bylaw provides, in relevant part, as follows:

"The intent of this bylaw is to protect the wetlands
of the town of Edgartown by controlling activities
deemed to have a significant effect upon wetlands and
water quality values, including but not limited to the
following:  public or private water supply,
groundwater, flood control, erosion control, storm
damage prevention, fisheries, shellfish, wildlife and
their habitats, recreation and preservation of natural
and historic views and vistas."

3

On July 8, 2022, the commission issued a notice of conditions for the Karps' project, documenting its approval of the project without any specific requirements for the preservation of "historic views and vistas."  The trustees filed the present action, the Karps successfully moved to dismiss the trustees' complaint, and the trustees filed this appeal.

2.  Discussion.  a.  Standing.  "To demonstrate standing to bring a certiorari action to challenge the wetlands approval issued by the commission, the [plaintiffs] must 'make[ ] a requisite showing of a reasonable likelihood that [they have] suffered injury to a protected legal right.'"  Hickey v. Conservation Comm'n of Dennis, 93 Mass. App. Ct. 655, 657 (2018), quoting Higby/Fulton Vineyard, LLC v. Board of Health of Tisbury, 70 Mass. App. Ct. 848, 850 (2007).  In this context, abutters do not enjoy presumptive standing.  See Hickey, supra.

Here, the judge concluded that the trustees' claims that the Karps' project would negatively impact the views of Katama Bay from their respective properties was within the scope of the bylaw.  The judge was not persuaded that the trustees had shown that the harm they claimed was particularized to them, however.  See Friedman v. Conservation Comm'n of Edgartown, 62 Mass. App. Ct. 539, 545 (2004).  Because that showing was a prerequisite to the trustees' standing, the judge dismissed their complaint under rule 12 (b) (1).  See id.

4

We need not resolve the trustees' challenge to the judge's determination on this issue because, as we discuss infra, the trustees have failed to allege a viable claim for vacating the commission's decision to issue the order of conditions. See Delapa v. Conservation Comm'n of Falmouth, 93 Mass. App. Ct. 729, 733-734 (2018). Therefore, even assuming the trustees' standing to seek certiorari review, their complaint fails. See Adoption of Franklin, 99 Mass. App. Ct. at 802, quoting Gabbidon v. King, 414 Mass. 685, 686 (1993) (appellate court may affirm on "any ground apparent on the record that supports the result reached in the [trial] court").

b. Merits. Because the judge determined that the trustees lacked standing to bring this action, he did not reach the Karps' alternative argument, briefed before us by both parties, that the complaint should be dismissed under rule 12 (b) (6) for failure to state a claim. Exercising our discretion to consider that claim ourselves, see Feeney v. Dell, Inc., 454 Mass. 192, 211 (2009), and applying the same standard that the judge would have used, see Brooks v. Department of Correction, 99 Mass. App. Ct. 345, 346 (2021), we conclude that the trustees' allegations fail to plausibly suggest an entitlement to relief. See Iannacchino, 451 Mass. at 636.

> "In an action in the nature of certiorari challenging a
> wetlands permit decision made by a conservation commission
> pursuant to a local by-law, our review is limited at most

5

to whether the commission's decision is supported by substantial evidence in the administrative record, whether the commission's action was arbitrary and capricious, and whether the commission committed an abuse of discretion or other error of law."

Delapa, 93 Mass. App. Ct. at 733-734.  See Conroy v. Conservation Comm'n of Lexington, 73 Mass. App. Ct. 552, 558 (2009).  In this case, the trustees alleged that the commission acted arbitrarily and capriciously when it "focused solely on the risk of harm to views of the shoreline from the open water," and not on views of the water from the land.[5]  Even under the favorable standard applicable here, however, the trustees' complaint does not "plausibly suggest[] . . . an entitlement to relief" on that theory.  Iannacchino, 451 Mass. at 636 (quotation and citation omitted).

The bylaw does not require that the commission protect all natural and historic views and vistas at all costs.  Rather, such views are one of many interests the commission was required to consider, along with "public or private water supply, groundwater, flood control, erosion control, storm damage prevention, fisheries, shellfish, wildlife and their habitats, [and] recreation."  Plainly, these values can be at odds with

---

[5] The trustees also alleged that the order of conditions was invalid as a matter of law because it was signed by the town's conservation agent "in lieu of the voting members of the [c]ommission."  In their brief, however, the trustees note that that issue is not before us.

6

each other.  For example, erosion control may require compromise of views, and vice versa.  Accordingly, the bylaw requires only that the commission "impose such conditions as it determines are necessary or desirable for the protection of those interests."

The commission's decision, in balancing the various interests protected by the bylaw, to focus on the views of the shoreline from the water, was well within the discretion granted to it by the bylaw.  Nothing in the trustees' complaint suggests that the commission acted arbitrarily in its decision regarding what conditions were necessary and desirable to balance the various interests in the bylaw, nor do the trustees provide any argument concerning the commission's balancing of these interests.

Moreover, the commission's interpretation of the bylaw as focusing on the "natural and historic views and vistas" from the water to the land, and not on those from the land to the water,[6] is a reasonable interpretation of the plain language reading of the bylaw and does not undercut the bylaw's purpose.  Indeed,

---

[6] The Karps challenge the accuracy of the trustees' allegation that this was the commission's interpretation of the bylaw, and argue that the allegation was based on a mischaracterization of the conservation agent's comments at one of the public hearings on the project.  At this stage, however, we accept the well-pleaded factual allegations in the trustees' complaint as true.  See Fairhaven Hous. Auth. v. Commonwealth, 493 Mass. 27, 30 (2023).

the commission could reasonably have determined that protecting the "natural and historic views and vistas" as seen from the water, rather than as seen from the land, was most consistent with the other activities specifically controlled under the terms of the bylaw. Because these considerations are "rational," the commission's decision was not arbitrary or capricious.[7] Cf. Hercules Chem. Co. v. Department of Envtl. Protection, 76 Mass. App. Ct. 639, 643 (2010), quoting Cambridge v. Civil Serv. Comm'n, 43 Mass. App. Ct. 300, 303 (1997) (agency's decision is arbitrary and capricious where it "lacks any rational explanation that reasonable persons might support"). Thus, the trustees' complaint does not state a claim

---

[7] The fact that the bylaw is subject to other reasonable interpretations does not alter our conclusion. An agency's choice, "in the discretionary exercise of its expertise, . . . between two fairly conflicting views," does not amount to an abuse of discretion. Rodgers v. Conservation Comm'n of Barnstable, 67 Mass. App. Ct. 200, 204 (2006), quoting Conservation Comm'n of Falmouth v. Pacheco, 49 Mass. App. Ct. 737, 739-740 n.3 (2000).

8

on which the commission's decision could be vacated or reversed. See rule 12 (b) (6).

<u>Judgment affirmed</u>.

By the Court (Ditkoff, Hand & Walsh, JJ.[8]),

Paul Little

Clerk

Entered:  April 3, 2025.

---

[8] The panelists are listed in order of seniority.