NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1251

IN THE MATTER OF THE ESTATE OF DOROTHY M. KEEFE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

John Keefe (John), as beneficiary under the will of his mother, Dorothy M. Keefe (decedent), timely appeals from a "Decree and Order for Complete Settlement" of the decedent's estate (decree).  John argues that a judge of the Probate and Family Court erred in entering that decree and in allowing a "Motion to Compel Personal Representative to Disburse Funds from the Estate" (motion to compel) because he timely filed a notice of appearance and objection to the "Petition for Order of Complete Settlement" of the estate (petition).  Because John fails to demonstrate any prejudice from the allowance of the motion or the entry of the decree, we affirm.

Background.  1.  The present action.  The decedent executed her will on June 22, 2005.  John and Pauline Twomey (Pauline) are the decedent's children and are essentially the sole

beneficiaries under her will.  In 2016, after the decedent's death, Pauline filed a petition for formal probate of the decedent's will.  Under the will, the siblings each inherited a one-half interest in the decedent's home in Milton and John had the right to purchase Pauline's one-half interest in the property.  John exercised that right in 2018, paid half of the sales value of the home to the estate, and received title to the property.[1]  Attorney Elizabeth White, who had been appointed special personal representative of the decedent's estate on October 5, 2016, placed the sale proceeds that would be distributed to Pauline in escrow in a money market account.[2]

In 2020, Pauline filed a "Motion for Allowance of Will and Authorization for Special Personal Representative to Administer the Estate."  In 2021, a Probate and Family Court judge appointed Attorney White as personal representative of the estate and ordered the will admitted to probate.  In January 2022, Attorney White filed a "Petition for Order of Complete Settlement" of the estate along with an inventory and a "First and final account" (collectively the petition), which included a

---

[1] The property was valued at $487,500.  The closing for the sale of the property occurred on January 19, 2018.  As of late 2021, the sale proceeds were valued at $236,868.10, which was the amount held in escrow in a money market account.

[2] As special personal representative of the estate, Attorney White was the custodian of the sale proceeds from John's buyout of the decedent's home.

2

listing of the sale proceeds in the money market account.  See notes 1 and 2, supra.  On January 18, 2022, a "Citation on Petition for Order of Complete Settlement" issued from the Probate and Family Court.  That citation contained various errors including an incorrect return date of April 27, 2016.  On or about June 7, 2022, a new "Citation on Petition for Order of Settlement" issued, with a corrected return date of July 20, 2020.  On June 10, 2022, John timely filed a notice of appearance and objection to the Petition.  The notice of appearance and objection included a representation that "[a] written affidavit of objections signed by [John], stating the specific facts and grounds upon which the objections are based . . . will be filed within 30 days after the return date."

Meanwhile, in March 2022, Pauline filed a motion to compel wherein she sought an interim distribution of $230,000 (which represented most of the sale proceeds) pending the court's anticipated decree.  John filed a statement of opposition to Pauline's motion to compel, with an attached affidavit from John's counsel averring that he filed the notice of appearance and objection to the petition, and that "John . . . intends to file an Affidavit of Objection within the time period required by court rule."

On June 22, 2022, before John filed the written affidavit referenced in the notice of appearance and objection, a Probate

3

and Family Court judge held a hearing on the motion to compel.[3] Attorney White could not attend that hearing but she filed an affidavit averring that while she was "not opposed to distributing the proceeds of the estate to Pauline" she requested a "Court Order for the same given the objection filed from John" to the petition.  During the hearing, the judge asked John about his objection.  John's counsel responded that there was an "open equity action" and explained that if John prevailed in that separate equity action, then the money due to John would be "going to the estate, and that money's going to go 50 percent to [John] and 50 percent to [Pauline].  So, you can't close the estate at this point."  Following the hearing, on July 18, 2022, the judge allowed the motion to compel, and also entered the decree.  He wrote in a margin endorsement, "Motion is <u>Allowed</u>, after hearing.  Moreover, [d]ecree shall enter.  While citation return date is 7/20/22, all parties interested have settled/resolved this matter and made their positions known to the Court at hearing on 6/22/22."

---

[3] John did not produce a copy of the transcript of the hearing on the motion to compel for our review on appeal. However, Pauline provided it in a supplemental appendix.

4

2.  The equity action.[4]  John brought the equity action against Cornelius Twomey, Pauline's husband, on July 1, 2016. In his complaint John alleged, in relevant part, that without John's knowledge the decedent opened bank accounts as a "Joint Tenant" with Cornelius; that Cornelius avoided using the funds in those accounts for their intended purpose, which was for medical care of the decedent and her now deceased husband, Harold J. Keefe; that Cornelius treated those funds as his own; and that the money in those accounts is "properly a part of the Estate of [the decedent]."  Following a trial in the Probate and Family Court, the judge[5] determined that the decedent "intended to make a gift of the funds contained in the joint account she created with [Cornelius]."  The judge further found that John failed to sustain his burden of proving that the transaction at issue (i.e. the decedent's gift for the benefit of Cornelius and his family) was "not to be taken at face value."  Accordingly, judgment entered in the equity action in favor of Cornelius. Although John filed a notice of appeal from that judgment, he

---

[4] We derive the background regarding the equity action from the judge's findings of fact, rationale, and conclusions of law in that matter.  See note 5, infra.

[5] The judge presiding at the equity action trial was the same judge who allowed the motion to compel and entered the decree in the present action.

failed to perfect and pursue that appeal, which therefore was dismissed on February 22, 2024.

Discussion.  John argues that the motion to compel should not have been allowed and the decree should not have entered before the time to file his affidavit had elapsed under G. L. c. 190B, § 1-401, and Rule 72 (c) (3) of the Supplemental Rules of the Probate and Family Court (2012).  John further maintains that he had a "legitimate concern pertaining to the allowance of the account as well as the closing of the estate while the related equity proceeding where [he] is trying to recover for the Estate of Dorothy M. Keefe, non-probate assets was pending."

There is a measure of persuasiveness to the claim that the judge's actions violated the terms of G. L. c. 190B, § 1-401.  Under § 1-401 (e), an "objecting party shall file a written affidavit of objections to [a] proceeding, stating the specific facts and grounds upon which the objection is based within 30 days after the return date."  Here, where the corrected citation had a return date of July 20, 2022, John had until August 19, 2022, to file his written affidavit of objections.  In ruling on the motion to compel and issuing the decree prior to that date, the judge may have violated G. L. c. 190B, § 1-401 (e).  Of course, the purpose of the statutory provision at issue is to provide an opportunity, within the specified time, for objections to be made.  Here, where John had the opportunity to

6

present his objections and explain his position, it does not necessarily follow as a matter of law that the judge was required to wait until the expiration of the deadline.  In any event, for purposes of our analysis we will assume arguendo that the plain language of the statute was violated.

However, that does not end our analysis.  In the present context, appellate relief will not be granted absent a showing of prejudice.  See Chongris v. Board of Appeals of Andover, 17 Mass. App. Ct. 999, 1000-1001 (1984) ("Every violation of a procedural rule . . . need not -- and should not -- require the perpetrator to be undone . . . the failure in technical compliance worked no prejudice against [appellant]" [quotation omitted]).  See also White v. Peabody Constr. Co., 386 Mass. 121, 128 (1982) (where judge did not adhere to procedural rule, court "concluded that, as a practical matter, the plaintiffs have not been prejudiced by the failure of the judge to comply with the [rule's] notice requirements").  Here, John represented to the judge that if he prevailed in the equity action, prejudice would result because there would be no money from the estate to pay him.  John did not allege any other prejudice in the Probate and Family Court proceedings.  Likewise, in his appellate brief, John does not allege any prejudice apart from the sole claim that it was error to allow the motion and enter the decree while his attempt to recover nonprobate assets for

7

the estate in the equity action was pending.  At oral argument, John affirmed that his sole claim of prejudice hinged on the outcome of the equity action.  It is undisputed that John did not prevail in the equity action, and that the appeal of that matter has been dismissed.  Because John fails to allege, much less demonstrate any prejudice, his claim is unavailing.  See White, 386 Mass. at 126-128.[6]

In short, John makes no argument that either the judge's allowance of the motion to compel or entry of the decree caused him any prejudice.  Instead, he claims that the statutory violation, without more, requires reversal.  He cites no legal authority to support this argument.  Indeed, the claim elevates

---

[6] We note that John had a full opportunity to articulate his objections at the hearing on the motion to compel and he does not contend otherwise.  We further note in this regard that John received his inheritance without delay while, to date, he has precluded Pauline from receiving the sale proceeds due to her.

form over substance.  Accordingly, we affirm the order allowing the motion to compel and the entry of the decree.[7]

<div style="margin-left:50%">

Order on motion to compel
  entered October 14, 2022,
  affirmed.

Judgment/Decree on complete
  settlement entered October
  14, 2022, affirmed.

By the Court (Neyman,
  Brennan & Toone, JJ.[8]),

Assistant Clerk

</div>

Entered:  May 17, 2024.

---

[7] Pauline's request for attorney's fees and costs is denied.

[8] The panelists are listed in order of seniority.

9